# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>ROBERT JORDAN<br><br>*Defendant(s)* | Case No. 2:25-mj-0101 CKD<br><br>**FILED** Jul 02, 2025<br>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>**SEALED** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 1, 2024__ in the county of __San Joaquin__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/
_____
Complainant's signature

Austin Kern, Special Agent, ATF
*Printed name and title*

Sworn to me and signed via telephone.

Date: July 2, 2025 at 2:20 pm

_____
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

1. I, Austin Kern, being duly sworn, depose and state the following:

2. This Affidavit is made in support of a criminal complaint and arrest warrant for Robert JORDAN, for a violation of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm.

## I.     INTRODUCTION AND AGENT BACKGROUND

3. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been employed as an ATF Special Agent since April 2016. During my employment with ATF, I have participated in training and investigations related to the possession and manufacture of firearms in violation of Titles 18 and 26 of the United States Code as well as the possession and distribution of controlled substances in violation of Title 21 of the United States Code. Based on such trainings and investigations, as well as discussions with other law enforcement personnel, I have become familiar with the methods used by firearms and narcotics traffickers to distribute, smuggle, safeguard, and store firearms and narcotics. I have also become familiar with various investigative techniques, including surveillance, interviews, and the execution of search and arrest warrants. Throughout my law enforcement career, I have attended trainings and conducted investigations relating to criminal street gangs, violent crimes, firearms, controlled substances, and other areas of law enforcement. I have received training in various means by which persons involved various types of criminal activities use telephones, computers, buildings, storage units, residences, businesses, and other structures to conceal their activities from law enforcement. I have become familiar with the types and amounts of profits made by firearms/drug dealers, the methods, language, and terms that are used. I have received both informal and formal training in the area of firearms and drug/narcotics investigations.

4. As a result of my experience and training, I have had the opportunity to converse with numerous law enforcement officers, informants, as well as admitted and known firearm and/or drug traffickers, as to the methods, regarding the manufacture, importation, transportation, distribution and sales of firearms and/or controlled substances. I am familiar with, and have

1 participated in conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, search warrants, pen registers and confidential informants. Through my training and experience, I have become acquainted with the various methods used by individuals to possess, transport, and sell firearms and/or controlled substances in violation of federal law. For example, I know that it is unlawful, pursuant to 18 U.S.C. § 922(g)(1), for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm.

5. I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including firearm and narcotics violations.

6. The information contained in this Affidavit is based upon my review of the reports and files in the case, conversations with other law enforcement personnel, and my own personal knowledge. Because this Affidavit is submitted for the limited purpose of establishing probable cause for the requested complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.

7. This affidavit is based upon my own personal knowledge and upon the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other Special Agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in the is affidavit, this information is described in sum, substance, and relevant part

## II. PROBABLE CAUSE

8. On March 8, 1993, Robert JORDAN was convicted in San Joaquin County Superior Court of California Penal Code ("PC") 187(A), Attempted Murder. He was sentenced to seven years in state prison.

AFFIDAVIT

9. On February 14, 2001, JORDAN was convicted in San Joaquin County Superior Court of California Health and Safety Code ("HS") 11379 Transport/Etc. Controlled Substance. He was sentenced to four years in state prison.

10. On October 1, 2024, a Stockton Police Department (SPD) officer observed a silver Infinity QX4 with no rear license plate affixed to the vehicle, in violation of California Vehicle Code (CVC) § 5200. The vehicle was traveling west on Hammer Lane near Girardi Way, in Stockton, which is in the Eastern District of California. A traffic stop was initiated, and the sole occupant and person seated in the driver seat was identified as Robert JORDAN. The officer advised JORDAN of the reason for the stop and requested identification from JORDAN. JORDAN provided the officer with a passport card and stated it was his "traveler's card." A records check located JORDAN's California Driver License and revealed it had expired. A records check of the VIN number on the vehicle revealed that the vehicle's registration had been expired for over three years. The officer asked JORDAN if the vehicle belonged to him and JORDAN stated that it did. JORDAN told the officer it was not registered to him because he does not do the "register thing."

11. Due to the expired driver license and vehicle registration, the officer decided to tow the vehicle. The officer instructed Jordan out of the vehicle. After a brief back-and-forth, JORDAN was assisted out of the vehicle and placed into handcuffs. JORDAN was placed into the back seat of the patrol unit. The officer asked JORDAN if there was any property he would need from within the vehicle and JORDAN told the officer there was a pistol in the center console. A search of the vehicle revealed a Smith and Wesson revolver, loaded with six rounds of .38 caliber ammunition, in the center console. JORDAN was transported to SPD for processing, the firearm was seized as evidence, and the vehicle was towed.

12. The firearm was determined to be a Smith and Wesson revolver, Model 10-5, .38 Special Caliber, Serial Number: C656727. SPD personnel test-fired the firearm and it functioned properly.

13. ATF Special Agent and Nexus Expert Matthew Garrett researched the written

1 description of a Smith and Wesson revolver, Model 10-5, .38 Special Caliber, Serial Number:
2 C656727 for the purpose of establishing interstate nexus.  Based upon research, knowledge, and
3 experience, it is SA Garrett's opinion, that based on the written description in Stockton PD report
4 #24-29948, the Smith & Wesson, Model 10-5, .38 special revolver, S/N: C656727 seized by the
5 Stockton Police Department on 10/01/2024 was manufactured outside of the State of California.
6 As it was possessed/recovered in California, the firearm traveled in and affected interstate
7 commerce.

### III.   AUTHORIZATION REQUEST

14. As a result of the events described above and my training and experience, I believe there is probable cause to believe that Robert JORDAN, on or about October 1, 2024, possessed a firearm in violation of 18 U.S.C. § 922(g)(1) in the Eastern District of California.  I respectfully request that this Court sign the attached criminal complaint and issue the attached arrest warrant for JORDAN.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

AFFIDAVIT

15. It is further respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application, complaint, and arrest warrant. I believe that sealing these documents is necessary because the complaint is relevant to an ongoing investigation into criminal activity. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and search warrants via the internet and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

/s/
AUSTIN KERN
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to telephonically on: July 2, 2025

Hon. Carolyn K. Delaney
U.S. MAGISTRATE JUDGE

/s/ Charles Campbell
Approved as to form by AUSA CHARLES CAMPBELL

AFFIDAVIT